UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMARIO MITCHELL #386239,

    Plaintiff,

v.

SARA SCHROEDER, et al.,

    Defendants.

_____/

Case No.  2:21-cv-00109

Hon.  Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

This Report and Recommendation (R&R) addresses 4 similar motions filed by the Plaintiff each requesting his transfer to the Gus Harrison Correctional Facility. Those motions include Plaintiff's motion for a transfer to a different prison (ECF No. 33), Plaintiff's motion for a preliminary injunction (ECF No. 35), Plaintiff's motion for summary judgment (ECF No. 37), and Plaintiff's motion to show cause why an injunction should not issue (ECF No. 39).  The Court construes Plaintiff's motions as requests for injunctive relief.

On May 26, 2021, state prisoner Jamario Mitchell filed an unverified complaint, pursuant to 42 U.S.C. § 1983, asserting violations of his religious right to meals while he was housed at the Alger Correctional Facility (LMF).  (ECF No. 1.) Mitchell named in his complaint Defendants LMF Warden Sara Schroder, LMF Business Manager B. Nylander, LMF Food Services Director Unknown Histed, LMF Chaplin Unknown Robenault, Michigan Department of Corrections (MDOC) Special

Activities Coordinator Adrian Dirschell, MDOC Dietician Kelly Wellman, and MDOC Director Heidi Washington. (*Id.*)

Mitchell alleges that he was approved to receive Kosher meals because he is a member of the Nation of Islam (NOI). (*Id.*, PageID.3.) Mitchell says he is prohibited from eating food containing soy by-products. (*Id.*) Mitchell alleges that the MDOC has a policy or custom of recognizing that the Jewish Kosher diet is an adequate substitute of the NOI diet. Mitchell alleges that the vegan meal plan, which was sanctioned for all religious meals by the MDOC as of 2013, contains soy products despite Defendants' knowledge that soy meals conflicted with his religious beliefs. Further, Mitchell claims that he was denied the meat and milk diet provided to Jewish prisoners at the Kinross Correctional Facility in 2019.

On January 28, 2022, the Court issued an Opinion and Order dismissing Mitchell's claims against Defendants Schroder and Washington, and some of his claims against Defendants Nylander, Histed, Robenault, Dirschell, and Wellman, including his dairy and meat claims, his claims for monetary damages in their official capacities, RLUIPA claims for damages, and declaratory and injunctive relief against Defendants in their personal capacities. (ECF Nos. 8 and 9.) The Court found that Mitchell could proceed on his religious claims involving soy-based products in his diet. (*Id.*)

Mitchell filed an Amended Complaint which voluntarily dismissed Defendants Robenault and Wellman, and added Defendants Deputy Director McKee, Special Activities Coordinator Adamson, Assistant Deputy Director Heinritz, and Deputy

Director Bush. (ECF Nos. 31 and 31-1.) Mitchell's motion to amend his complaint was granted. (ECF No. 47.)

Mitchell filed multiple motions requesting injunctive relief from this Court to transfer him to the Gus Harrison Correctional Facility. Mitchell alleges that Defendants and defense counsel transferred him from the Gus Harrison Correctional Facility to the Kinross Correctional Facility to make it more difficult for him to prosecute this lawsuit. (*See* ECF No. 33 (Plaintiff's motion for injunction order for immediate transfer to the prior "ARF" facility), ECF No. 35 (Plaintiff's motion for preliminary injunction), ECF No. 37 (Plaintiff's subsequent motion for summary and/or partial judgment after initial requests due to bad acts by Defendants and AG when executed an adverse prison transfer to disrupt litigation and cause technical dismissal), and ECF No. 39 (Plaintiff's motion for Defendants to show cause why an injunction order should not be issued).) Mitchell requests that the Court order his transfer back to the Gus Harrison Correctional Facility. (*Id.*)

**II. Analysis**

Preliminary injunctions and temporary restraining orders are "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following

3

elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ne. Ohio Coal.*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).

Mitchell's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). Mitchell has failed to present any argument that shows that he has a strong likelihood of success on the merits of his underlying claim. Mitchell's remaining claim is that Defendants served him soy in his meals in violation of his religious beliefs. Although Mitchell has alleged enough facts to state a claim for

4

relief, he has failed to show that he has a substantial likelihood of success on the merits of this claim. Further, Mitchell has presented no evidence which even suggests that his transfer was retaliatory or that he cannot litigate this case from the Kinross Correctional Facility. Finally, this Court is reluctant to tell the MDOC where to house its prisoners. "The federal courts do not sit to supervise state prisons." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). "Transfers between institutions . . . are made for a variety of reasons and often involve no more than informed predictions as to what would . . . best serve institutional security or the safety and welfare of the inmate." *Id*. at 225. In addition, it is well established that a prisoner has no inherent constitutional right to be housed in a particular institution. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum*, 427 U.S. at 224. The Supreme Court has held that even transfers having a substantial adverse impact on a prisoner do not compromise any constitutionally recognized liberty interests. *Meachum*, 427 U.S. at 224. Mitchell has not shown that his transfer to Kinross Correctional Facility has prejudiced him.

A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *Overstreet*, 305 F.3d at 578. Mitchell has failed to assert factors that establish that he will suffer irreparable harm in the absence of an injunction.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts

5

in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

### III. Recommendation

Therefore, it is recommended that the Court deny Mitchell's motions (ECF Nos. 33, 35, 37, and 39) for orders and/or an injunction to transfer him to different prison.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: February 3, 2023                             /s/ *Maarten Vermaat*
                                                    Maarten Vermaat
                                                    U.S. MAGISTRATE JUDGE