UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMARIO MITCHELL #386239,

        Plaintiff,

v.

SARA SCHROEDER, et al.,

        Defendants.

_____/

Case No. 2:21-cv-109

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

**I. Introduction**

This Report and Recommendation (R&R) addresses (1) a motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies (ECF No. 56), and (2) Plaintiff's motion for partial summary judgment on the merits of his case (ECF No 69).

State Prisoner Jamario Mitchell filed this action, pursuant to 42 U.S.C. § 1983. Mitchell alleges in his remaining claims that his First Amendment rights to practice his religious beliefs have been violated by Defendants. Mitchell asserts that, as a member of the Nation of Islam (NOI), he believes that he should receive meals that are free of soy and soy byproducts. And he says that Defendants refused to provide him with a religious meal that complies with his beliefs.

The seven remaining Defendants are Alger Correctional Facility (LMF) Business Manger Nylander, LMF Food Services Director Histed, Michigan

Department of Corrections (MDOC) Special Activities Coordinator Dirschell, Deputy Director Bush, Assistant Deputy Director Heinritz, Special Activities Coordinator Adamson, and Deputy Director McKee. Six of these Defendants – all except Special Activities Coordinator Adamson – filed a motion for summary judgment arguing that Mitchell failed to exhaust his administrative remedies against them before he filed this lawsuit. (ECF No. 56.)

In Mitchell's motion for partial summary judgment, he argues that the facts are not in dispute because Defendants' motion for summary judgment does not challenge the factual allegations in his complaint. Mitchell reasons that he is therefore entitled to summary judgment. (ECF No. 69.)

The undersigned respectfully recommends that the Court grant Defendants' motion for summary judgment because Mitchell failed to properly exhaust his claims against Defendants Bush, Heinritz, McKee, Dirschell, Nylander, and Histed. Although Mitchell filed and exhausted some grievances, he failed to name each Defendant in a properly exhausted grievance in which he argued that he was denied a soy-free religious diet. Finally, in his motion for partial summary judgment, Mitchell fails to show that there exists no genuine issue of material fact as to his remaining claims that would entitle him to judgment.

## II. Procedural History

Mitchell's original complaint asserted numerous claims arising out the alleged denial of a religious meal diet free of soy or soy by-products.[1] (ECF No. 1.) Mitchell alleged that he received Kosher meals because he was a member of the NOI. (*Id.*) Mitchell also alleged that he was not receiving dairy and meat with his meals like the Jewish prisoners who also received Kosher meals. (*Id.*)

On January 28, 2022, the Court issued an opinion and order dismissing Defendants Washington and Schroeder. (ECF Nos. 8 and 9.) The Court dismissed Mitchell's claims based on the failure to include dairy and meat in his religious diet, claims under the Equal Protection Clause of the Fourteenth Amendment, claims arising under the Religious Land Use and Institutionalized Persons Act (RLUIPA) for money damages against Defendants in their official capacities, and RLUIPA claims against Defendants in their personal capacities. (*Id.*) The surviving claims were based on Mitchell's allegations that soy was included in his religious diet. (ECF No. 8, PageID.92.) Those claims included free exercise claims for damages against Defendants in their personal capacities, free exercise claims for prospective declaratory and injunctive relief against Defendants in their personal and official capacities, and RLUIPA claims against Defendants in their official capacities.

After the Court issued the January 28, 2022 opinion, Mitchell filed a motion for leave to amend his complaint to add new Defendants, dismiss some Defendants,

---

[1] The complaint is entitled "Plaintiff's Verified Complaint for Damages, Declaratory and Injunctive Relief." (ECF No. 1.) Mitchell, however, did not verify his original complaint.

and to modify some of his claims. (ECF No. 31.) On February 3, 2023, the Court granted Mitchell's motion for leave to file an amended complaint. (ECF No. 47.) In granting the motion, the Court stated that the amended complaint would not revive the dismissed claims. (*Id.*, PageID.296.)

On February 3, 2023, Mitchell filed his amended complaint.[2] (ECF No. 49.) The only remaining claims based upon the allegations in the amended complaint and the Court's previous opinions and orders, are for First Amendment violations for monetary damages and for injunctive relief. Mitchell claims that Defendants violated his right to exercise his religious beliefs by failing to provide him with a religious meal free of soy and soy by-products.

### III. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury[3] or whether it is so one-sided that one

---

[2] The amended complaint is unverified. After Mitchell filed his amended complaint, Defendants Robenault and Wellman were dismissed from this action.

[3] If defendants move for summary judgment on the basis of exhaustion under the PLRA, and the court determines that there is a genuine issue of material fact, the issue need not be submitted to a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). Instead, the court may conduct a bench trial to resolve the issue. (*Id.*) In a bench trial on exhaustion, the defendants must show that the plaintiff failed to exhaust his administrative remedies by a preponderance of the evidence. *Id.* at 677 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)) ("Failure to exhaust administrative remedies is an

party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV. Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is

---

affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence."); *Richards v. Perttu*, No. 2:20-CV-76, 2022 WL 842654, at *1 (W.D. Mich. Mar. 22, 2022) (affirming a magistrate judge's ruling that the preponderance of the evidence standard applies in a bench trial on exhaustion).

inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view, this objective was achieved in three ways. First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id*. at 525. Second, "the internal review might 'filter out some frivolous claims.'" *Id*. (quoting *Booth*, 532 U.S. at 737*)*. And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id*. When institutions provide adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 1:07-cv-004, 2007 WL 3244075, *5 (W.D. Mich., Nov. 1, 2007).

The most common procedure through which a prisoner in MDOC custody exhausts his administrative remedies is the grievance procedure set forth in MDOC Policy Directive 03.02.130 (effective on March 18, 2019). According to the Policy Directive inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id*. at ¶ Q. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id*. at ¶¶ Q, W. The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id*. at ¶ Y. The Policy Directive also provides the following directions

for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ S (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶ DD. The respondent at Step II is designated by the policy. *Id.* at ¶ FF.

If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II.

Where the grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required. It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust

administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too.").

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id.* at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[4]

---

[4]  In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." *Id.* at 596.

9

## V. Plaintiff's Allegations

Mitchell's allegations and remaining claims are summarized in the table below.

| Number | Claim | Defendant | Date or Date Range of Incident(s) |
|---|---|---|---|
| 1 | Mitchell's religious meals were contaminated by prohibited food items — foods containing soy and soy by-products. | Adamson, McKee, and Heinritz | 2019 |
| 2 | Mitchell was denied an alternative religious menu and forced to eat prohibited foods. | Dirschell and Bush | 2020 |
| 3 | Mitchell was denied substitute food items. | Nylander and Histed | 2020 |

## V. Grievances

The grievances identified by the parties are summarized below.

| Grievance No. | Person Named | Allegation | Date or Date Range of Incident(s) | Results at Step 1 | Results at Step 2 | Results at Step 3 |
|---|---|---|---|---|---|---|
| LMF-20-11-1542-09EA (ECF No. 57-3, PageID.370-373.) | Defendant Food Service Director Histed | As a Muslim prisoner, he is being denied the milk and meat that Jewish prisoners receive with their Kosher meal tray. | 11-16-20: on-going | Denied because Jewish prisoners receive milk and meat on Sabbath day and Jewish holidays. Non-Jewish prisoners who receive | Denied | Denied |

---

For example, grieving a doctor about his failure to give cardiac catheterization did not grieve the claim that the doctor erred by not prescribing Ranexa.

| Grievance No. | Person Named | Allegation | Date or Date Range of Incident(s) | Results at Step 1 | Results at Step 2 | Results at Step 3 |
|---|---|---|---|---|---|---|
| | | | | Kosher meals do not. | | |
| LMF-20-08-996-15A (ECF No. 57-3, PageID.374-380.) | none | Received rejection from mail room of photos sent to him. | 8-02-20 | Denied | Denied | Denied |
| LMF-20-04-0414-27B (ECF No. 57-3, PageID.381-385.) | Zeller | Refused to reclassify from kitchen job assignment. | 4-10-20 | Rejected | Rejection upheld | Rejection upheld |
| LMF-20-04-0404-17A  (ECF No. 57-3, PageID.386-389.) | Sgt. Parkala | Violated employee handbook by threatening Mitchell to leave area or be transferred to segregation. | 4-10-20 | Denied | Denied | Denied |
| KCF-19-08-0612-20E (ECF No. 57-3, PageID.390-393.) | Defendant Adamson | Denial of alternative diet free of soy in violation of religious beliefs and in deliberate indifference to nutritional needs. | 7-30-19 | Denied | Denied | Denied |
| KCF-19-07-0513-20E  (ECF No. 57-3, PageID.394-398.) | Chaplain Jones | Chaplain told food service to serve Mitchell soy and soy by-products in religious meals. | 7-3-19 | Denied | Denied | Denied |
| KCF-19-07-0499-28I (ECF No. 57-3, PageID.399-402.) | Grievance Coordinator Gustafason | Returned grievances and thwarted the | 6-20-19 | Rejected for failing to attempt to resolve with | Unknown | Rejection upheld |

11

| Grievance No. | Person Named | Allegation | Date or Date Range of Incident(s) | Results at Step 1 | Results at Step 2 | Results at Step 3 |
|---|---|---|---|---|---|---|
| | | process in KCF-19-07-367-28E | | staff member involved. | | |
| KCF-19-05-0373-28E (ECF No. 57-3, PageID.403-407.) | Defendant McKee | Failure to provide instructions regarding service of religious meals. | 5-8-19 | Rejected for failing to attempt to resolve within two business days after becoming aware of grievable issue. | Rejection upheld | Rejection upheld |

**VI. Analysis**

Mitchell submitted three grievances that named a Defendant:

- LMF-20-11-1542-09EA named Defendant Histed,

- KCF-19-08-0612-20E named Defendant Adamson, and

- KCF-19-05-0373-28E named Defendant McKee.

The other grievances discussed above did not raise any of the issues Mitchell brought in this lawsuit against any of the named Defendants.

As a starting point, it should be noted that Defendant Adamson has not joined in the defense motion for summary judgment and concedes that the claims asserted by Mitchell against him were exhausted in grievance KCF-19-08-0612-20E. The six Defendants who filed the motion for summary judgment at issue here argue that grievance KCF-19-08-0612-20E is the only grievance in which Mitchell properly exhausted any of his remaining claims.

Second, LMF-20-11-1542-09EA does not exhaust the claims at issue in this case. Although Mitchell named Defendant Histed in LMF-20-11-1542-09EA, that grievance concerned only the denial of milk and meat and raised an equal protection claim. Mitchell's equal protection claims have been dismissed. (ECF No. 8, PageID.92.) Mitchell never raised his soy or soy by-product issues in a grievance that named Defendant Histed.

Third, KCF-19-05-0373-28E also fails to exhaust the issues here. Although Mitchell named Defendant McKee in KCF-19-05-0373-28E, that grievance involved the alleged failure to provide instructions regarding how to serve religious meals and did not involve issues concerning soy or soy by-products. Moreover, that grievance was rejected at each step and was not properly exhausted. *Jones*, 549 U.S. at 218-19.

The record before the Court demonstrates that Mitchell failed to name Defendants Bush, Heinritz, McKee, Dirschell, Nylander, and Histed in a properly exhausted grievance asserting that they were involved in denying him religious meals free of soy or soy by-products. Mitchell cites *Reed-Bey* as authority to support his argument that he did not have to name each Defendant in a grievance to exhaust his administrative claims against them. (ECF No. 59, PageID.412; ECF No. 74, PageID.479.) As explained above, the Sixth Circuit recognized in *Reed-Bey* that the MDOC grievance procedures require a prisoner to specifically name the person being grieved to allow the MDOC to address the grievance with the appropriate official. An MDOC inmate fails to properly exhaust his grievance against officials *not* named in a grievance, except for instances where the MDOC waives that requirement.

Mitchell's argument has been rejected by the Sixth Circuit. The Sixth Circuit explained:

> [Plaintiff's] argument that this grievance was being decided on the merits is significant because in *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010), we held that "[w]hen prison officials decline to enforce their own procedural requirements," such as the requirement to identify the names of those involved in the issue being grieved, and instead "opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." However, *Reed-Bey* does not stretch to meet the facts of this case.
>
> In *Reed-Bey*, the inmate failed to name a single individual in his grievance, and it would have thus been clear to prison officials when they addressed the merits of the grievance that they were waiving their own procedural requirement to include the names of those involved in the grievance. *See id.* at 324. But here, [Plaintiff] listed two people at step I of the grievance, Bierstetel and Havelka. Accordingly, prison officials would naturally assume that [Plaintiff] complied with the requirement to name those involved, and defendants cannot be said to have waived the exhaustion defense when they had no way of knowing that they would be the subject of a later lawsuit. *See Luther v. White*, No. 5:17-CV-138-TBR, 2019 WL 511795, at *8 (W.D. Ky. Feb. 8, 2019) (declining to apply *Reed-Bey* where inmate named a specific individual in grievance but not later defendants to the lawsuit).

*Brown v. McCullick*, No. 18-2226, 2019 WL 5436159, at *3 (6th Cir. Apr. 23, 2019).

Similarly, Mitchell failed to properly exhaust his claims against Defendants Bush, Heinritz, McKee, Dirschell, Nylander, and Histed. Mitchell failed to name these Defendants in a Step I grievance involving his soy or soy by-product issues. In addition, he has failed to show that the MDOC waived its own requirement by considering the merits of a grievance where Mitchell failed to name any prison official.

### VII. Plaintiff's Motion for Summary Judgment

Mitchell argues that he is entitled to summary judgment because Defendants never addressed the merits of his claims in their motion for summary judgment based upon the failure to exhaust administrative remedies. Mitchell argues that the facts are not in dispute and therefore he is entitled to summary judgment. Mitchell is wrong.

First, Defendants' motion did not address the merits of Mitchell's complaint. The motion was based solely on the issue of whether Mitchell exhausted his administrative remedies. Defendants had no reason to address the merits of Mitchell's factual allegations in their motion.

Second, it is Mitchell's burden to prove the facts that allegedly support his case. Defendants do not have to prove anything or make any response to the claims in Mitchell's complaint. The Prison Litigation Reform Act provides in part that "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law." 42 U.S.C. § 1997e(g)(1). Moreover, under this provision "[n]o relief shall be granted to the plaintiff unless a reply has been filed." *Id.* "[U]nlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock,* 549 U.S. 199, 213–14 (2007).

Finally, Mitchell has failed to show that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Mitchell has presented no evidence to support the allegations in his complaint and he has failed in his burden to support his motion for summary judgment.

## VIII. Recommendation

It is respectfully recommended that the Court grant Defendants' motion for summary judgment and dismiss Defendants Bush, Heinritz, McKee, Dirschell, Nylander, and Histed without prejudice due to Mitchell's failure to exhaust his administrative remedies against them.

In addition, it is recommended that the Court deny Mitchell's motion for partial summary judgment because Mitchell failed to establish that there exists no genuine issue of material fact that entitles him to judgment as a matter of law.

If the Court accepts this recommendation, Mitchell's First Amendment claim against Defendant Adamson will remain in the case.

Dated:  September 29, 2023                      /s/ *Maarten Vermaat*
                                                MAARTEN VERMAAT
                                                U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).