UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMARIO MITCHELL,

     Plaintiff,

                                                Case No. 2:21-cv-109

v.

                                                HON. JANE M. BECKERING

SARA SCHROEDER, et al.,

     Defendants.

_____/

## OPINION AND ORDER

Plaintiff initiated this prisoner civil rights action against eleven Defendants, alleging claims under 42 U.S.C. § 1983 related to his religious diet.  Defendants Jeremy Bush, Laura Heinritz, Kenneth McKee, Adrian Dirschell, Becki Nylander, and Matthew Histed moved for summary judgment based on Plaintiff's failure to exhaust his administrative remedies for the claims against them that remain in this case.  Plaintiff filed a motion for partial summary judgment in his favor. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion and deny Plaintiff's motion.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

In recommending that this Court grant Defendants' motion, the Magistrate Judge determined that the record demonstrates that Plaintiff failed to name Defendants Bush, Heinritz,

McKee, Dirschell, Nylander, and Histed in a properly exhausted grievance asserting that they were involved in denying him religious meals free of soy or soy by-products (R&R, ECF No. 85 at PageID.523).   The Magistrate Judge rejected Plaintiff's argument that a different result was required by the Sixth Circuit's decision in *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), explaining that Plaintiff failed to name these Defendants in a Step I grievance involving his soy or soy by-product issues and also failed to show that the Michigan Department of Corrections waived its own requirement by considering the merits of a grievance where Plaintiff failed to name any prison official (*id.* at PageID.524).

In his objections, Plaintiff argues that the Magistrate Judge erred in his application of the *Reed-Bey* decision (Pl. Obj., ECF No. 86 at PageID.528–530).   Plaintiff emphasizes that he "submitted a grievance relative to the soy/by-product issue naming a single member of the Board responsible for the compilation of a menu/meal which comports to prisoner diets and related religious beliefs" (*id.* at PageID.529).   According to Plaintiff, "naming a single prison official (in a grievance) who sit's [sic] on a Board would have (similar to <u>Reed-Bey</u>) thus have been clear to prison officials when they addressed the merits of the grievance that they were waiving their own procedural requirement to include the name of those involved in the grievance" (*id.*).

In *Reed-Bey*, 603 F.3d at 325, the Sixth Circuit held that "[w]hen prison officials decline to enforce their own procedural requirements," such as the requirement to identify the names of those involved in the issue being grieved, and instead "opt to consider otherwise-defaulted claims on the merits, so as a general rule will we."   As the Magistrate Judge pointed out, the Sixth Circuit subsequently held that *Reed-Bey* "does not stretch" to meet facts where an inmate named a specific individual in a grievance but not later defendants to the lawsuit, reasoning that the defendants could not "be said to have waived the exhaustion defense when they had no way of knowing that

they would be the subject of a later lawsuit" (R&R, ECF No. 85 at PageID.524, quoting *Brown v. McCullick*, No. 18-2226, 2019 WL 5436159, at *3 (6th Cir. Apr. 23, 2019)). *See also Dykes-Bey v. Finco*, No. 20-1624, 2021 WL 2767584, at *2 (6th Cir. Feb. 2, 2021) (declining to apply *Reed-Bey* where inmate named a specific individual in the grievance but not those later named as defendants to the lawsuit); *Hill v. Buchanan*, No. 21-1673, 2022 WL 16580149, at *3 (6th Cir. Sept. 8, 2022) (same). Plaintiff merely reiterates his argument to the contrary but fails to demonstrate any error in the Magistrate Judge's analysis or conclusion. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 86) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 85) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 56) is GRANTED, and Defendants Bush, Heinritz, McKee, Dirschell, Nylander, and Histed are TERMINATED from this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 69) is DENIED.

Dated:  January 17, 2024                              /s/ Jane M. Beckering
                                                    JANE M. BECKERING
                                                    United States District Judge