UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMARIO MITCHELL,

    Plaintiff,

v.

SARA SCHROEDER, et al.,

    Defendants.
_____/

Case No. 2:21-cv-109

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff initiated this prisoner civil rights action against numerous Defendants, alleging claims under 42 U.S.C. § 1983 related to his religious diet. Michigan Department of Corrections (MDOC) Special Activities Coordinator Defendant Steven Adamson, the sole remaining Defendant, moved for summary judgment. Plaintiff filed a motion to transfer any subsequent jury trial from Marquette, Michigan to Grand Rapids, Michigan. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendant Adamson's motion, deny Plaintiff's motion as moot, and terminate this case. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendant Adamson filed a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

In recommending that this Court grant Defendant Adamson's motion, the Magistrate Judge noted, at the outset, that the sincerity of Plaintiff's religious dietary beliefs with respect to soy and soy byproducts was ultimately "immaterial" because, even assuming that his beliefs were sincere, "there is no dispute as to Defendant Adamson's justification for recommending the denial of Mitchell's request for an alternative religious diet" (R&R, ECF No. 119 at PageID.758–759). Specifically, the Magistrate Judge determined that Plaintiff's claim "necessarily fails because [1] the denial of his request for an alternative religious diet was properly based upon Mitchell's history of purchasing foods that did not conform with his alleged religious beliefs, and [2] Adamson's recommendation to deny the request was reasonably related to the penological interests of controlling costs and maintaining discipline" (*id.* at PageID.751, 759–760). Additionally, the Magistrate Judge determined that Defendant Adamson was entitled to qualified immunity because Plaintiff had not identified any clearly established law that could show that Adamson violated his First Amendment rights "under similar factual circumstances" (*id.* at PageID.763–764).

Plaintiff presents two brief objections to the Report and Recommendation. First, Plaintiff argues that the Magistrate Judge relied on "an erroneous set of facts when he granted Defendant Adamson summary judgment based upon qualified immunity" (Pl. Obj., ECF No. 121 at PageID.769). Plaintiff indicates that Defendant Adamson "knew and understood that when he denied Plaintiff an alternate religious diet he was intentionally violat[ing] Plaintiff['s] 1st Amendment rights" (*id.*). As Defendant Adamson points out in response (ECF No. 123 at PageID.798), Plaintiff does not provide any developed argument in support of this objection. Plaintiff does not identify the allegedly "erroneous" facts upon which the Magistrate Judge relied. Consequently, the first objection is properly denied.

Second, relying on the result in an unpublished Order of the Sixth Circuit in *Ewing v. Finco*, Nos. 20-1012, 20-1022, 2021 U.S. App. LEXIS 182 (6th Cir. Jan. 5, 2021), Plaintiff argues that the Magistrate Judge "ignored the fact that throughout Plaintiff's ordeals seeking to obtain an alternate soy free diet at no time did Defendant Adamson allege that he was denying Plaintiff a religious diet based upon Plaintiff purchasing non Kosher items from the prison['s] store" (Pl. Obj., ECF No. 121 at PageID.770). Plaintiff represents that "it[']s an ongoing common practice … for prisoners on religious diets to purchase nonreligious items as long as they do not consume them" (*id.* at PageID.771).[1]

Plaintiff's second objection is also properly denied. In *Ewing*, the plaintiffs-prisoners alleged that eating from the main prison food line violated their religious dietary restrictions and that the defendants denied their requests to eat from the religious meal line. 2021 U.S. App. LEXIS 182, at *2. As a threshold matter, the Sixth Circuit acknowledged that "[t]here is no dispute that a prisoner, once approved for religious meals, is prohibited from possessing food items forbidden by the teaching of the prisoner's religion." 2021 U.S. App. LEXIS 182, at *8 (citing *Berryman v. Granholm*, 343 F. App'x 1, 6 (6th Cir. 2009), and *Russell v. Wilkinson*, 79 F. App'x 175, 177 (6th Cir. 2003)). The Sixth Circuit concluded that where the plaintiffs-prisoners in *Ewing* "had yet to seek approval for religious meals when they purchased non-compliant food items," the record evidence gave rise to a genuine factual dispute as to whether the denial of their religious meal requests was reasonably related to the asserted security concerns. *Id.* at *10. *Cf. Dykes v. Corizon,*

---

[1] In this regard, Plaintiff attaches to his objections two affidavits from other prisoners (ECF Nos. 121-1 & 121-2). The affidavits, which were not presented to the Magistrate Judge, are lacking in specific factual detail and do not help to show that Defendant Adamson, "through his own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

*Inc.*, No. 2:22-CV-113, 2024 WL 2717390, at *8 (W.D. Mich. May 28, 2024) (observing that the Sixth Circuit's reasoning in *Ewing* focused on "notice").

As Defendant Adamson sets forth (ECF No. 123 at PageID.799–800), Plaintiff falls within the category of prisoners already approved for religious meals. Indeed, he had been receiving the MDOC's religious diet since November 2016 when he requested an "alternative" diet, individualized to his religious dietary beliefs. *See* Am. Compl., ECF No. 49 at PageID.308–310. Plaintiff's purchase of non-conforming food therefore violated established MDOC policy, and granting his request would raise genuine safety and security concerns. Plaintiff's second objection fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this Opinion and Order resolves the last pending claim, a Judgment will also be entered. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 121) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 119) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Adamson's Motion for Summary Judgment (ECF No. 106) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Transfer Trial (ECF No. 115) is DENIED as moot.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: July 31, 2024         /s/ Jane M. Beckering
                             JANE M. BECKERING
                             United States District Judge